IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12 B 08545 |
| Hattie B James | Judge Hon. Schmetterer |
| | CHAPTER 13 |
| Plaintiff, | |
| v. | |
| | ADV. NO. 12 AP 00449 |
| GMAC Mortgage, LLC | |
| Defendant. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Ruling That:*

**A. The Parties**

1. The Plaintiff is Hattie B James ("Plaintiff").

2. The Defendant is GMAC Mortgage, LLC ("Defendant").

**B. Factual Background**

1. On or about March 5, 2012, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 15616 Marshfield Avenue, Harvey, IL 60426.

3. That GMAC Mortgage, LLC holds a first mortgage lien on the real property commonly known as 15616 Marshfield Avenue, Harvey, IL 60426, with a secured claim of $74,075.74 pursuant to the proof of claim filed on May 16, 2012 in case 12 B 08545.

4. The Defendant holds a second mortgage lien on the real property known as 15616 Marshfield Avenue, Harvey, IL 60426 in the approximate amount of $17,127.00 pursuant to the Plaintiff's recent credit report.

5. On March 9, 2012, Plaintiff obtained a property appraisal from LM Appraisal Group indicating the value of 15616 Marshfield Avenue, Harvey, IL 60426 to be $35,000.00.

6. The Modified Chapter 13 Plan filed on April 19, 2012 provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $270.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On March 19, 2012, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 15616 Marshfield Avenue, Harvey, IL 60426.

9. That on March 19, 2012, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 1100 Virginia Drive, Fort Washington, PA 19034, and upon the registered agent at 801 Adlai Stevenson Dr. Springfield, IL 62703.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $35,000.00.

13. The first secured claim of GMAC Mortgage, LLC in the amount of $74,075.74 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of GMAC Mortgage, LLC in the amount of $74,146.00, and the second secured claim of GMAC Mortgage, LLC in the amount of $17,127.00.

5. That value of Plaintiff's residence is $35,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home

mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 6/4/12

Enter:

_____
United States Bankruptcy Judge

JUN 0 4 2012

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625